## Hessler v. Balser.

*Foreign attachment—Affidavit of cause of action—Statement of claim— Averment as to non-residence.*

Where an affidavit of cause of action contains a sufficient averment of the non-residence of defendant, a foreign attachment will not be dissolved because the statement of claim subsequently filed contains no such averment.

Rule to dissolve foreign attachment. C. P. Fulton Co., June T., 1921, No. 41.

*Charles Walter* and *John R. Jackson,* for rule; *John P. Sipes,* contra.

McPHERSON, P. J., May 8, 1922.—On May 7, 1921, the plaintiff issued a foreign attachment against the defendant, entered to No. 41, June Term, 1921. On the same day the plaintiff filed an affidavit of his cause of action, wherein, in substance, he alleged that a contract was made between the plaintiff and the defendant, whereby certain tie timber was sold by the plaintiff to the defendant, and that the defendant was indebted to the plaintiff therefor in the sum of $633.50.

The form of the affidavit was that of a statement, to which was attached the following:

"Fulton County, ss.:

"Before me, Prothonotary, came J. Emery Hessler, who being duly sworn according to law did depose and say that the claim of the plaintiff within stated is correct, that the amount claimed therein is justly due and owing, that the said Harry Balser, defendant, is not entitled to any other or greater credits than have been allowed, and that he, the said Harry Balser, is a non-resident of the State of Pennsylvania, and is not within the County of Fulton according to the knowledge and belief of affiant.

"Sworn and subscribed to before me this 7th day of May, 1921.

"J. EMORY HESSLER."

On Dec. 10, 1921, the plaintiff filed his statement of claim, wherein no allegation appears that the defendant was a non-resident or out of the county at the time of the issuance of the foreign attachment.

On Jan. 10, 1922, that being the third term after the issuance of the foreign attachment, judgment was entered against the defendant for want of an appearance, in the sum of $662.83, and execution was issued thereon, under which the property in the hands of the garnishee, who was the plaintiff, was seized and exposed for sale. Feb. 24, 1922, prior to the sale, defendant filed a petition, wherein it was alleged that neither in the affidavit of cause of action nor in the statement of claim filed Dec. 10, 1921, was it alleged that the defendant was without the Commonwealth of Pennsylvania, and that, therefore, the court had no jurisdiction to issue a writ of attachment, but all proceedings taken thereunder were void and of no effect, and prayed that a rule should be issued to the plaintiff to show cause why the attachment should not be dissolved and the judgment entered on Jan. 10, 1922, should not be vacated.

In pursuance to this petition, a rule was awarded as prayed for, to which the plaintiff, by his attorney, appeared, waived service, and the matter came up for argument at the March Term of court.

The only issue presented was whether or not the affidavit of cause of action in the form in which it was presented contains a sufficient allegation under affidavit of the non-residence of the plaintiff to give the court jurisdiction. The form of affidavit here used incorporates by reference the terms of the statement preceding it, signed by the plaintiff, verifies the truthfulness of the

Hessler *v.* Balser.

facts set forth therein, and then adds the allegation concerning the non-residence of the plaintiff and his absence from the county, which is then verified by the oath of the plaintiff.

We can see no reason why this affidavit of cause of action should not be taken as a whole and effect given to the statements thereof, whether incorporated by reference or contained therein as are the allegations of the non-residence of the plaintiff and his absence from the county necessary to give the court jurisdiction.

The statement of claim filed subsequently was evidently filed as a substitute for a declaration which is required to be filed before judgment can be taken for want of an appearance. Why there should be a repetition in the statement of claim that the defendant was a non-resident and not within the county at the time of the issuance of the foreign attachment is not clear to us. The affidavit of cause of action having contained the necessary allegations as to non-residence of the defendant, the jurisdiction of the court was established in so far as non-residence was concerned, and having once attached, we can see no reason why it should be ousted. We are, therefore, of opinion that the rule in this matter should be discharged.

And now, it is ordered and decreed that the rule granted in the above matter as set forth is discharged.